UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID POSEY,<br><br>Defendant. | Case No. CR18-280-RSL<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on defendant's "Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)." Dkt. #60. The Court, having considered the motion, the government's response, defendant's reply, and the remainder of the record, finds as follows:

**I.     BACKGROUND**

Defendant is a 54-year-old inmate currently detained at the Federal Correctional Institution ("FCI") Yazoo City Medium. On or around June 7, 2018, defendant violated his conditions of supervised released under cause number CR11-00387JLR by changing his address without notifying his probation officer and by leaving the District without permission. See PSR at ¶¶ 7-8. A warrant was issued for defendant's arrest for the supervised release violations. Id. at ¶ 10. He was arrested on June 20, 2018 at a motel in Portland, Oregon. Id. Defendant was accompanied on his trip to Portland by a 19-year-old autistic female ("Witness 1"), whom he had befriended at a local community college. Id. at ¶ 8. Witness 1 lacked the ability to make independent decisions about certain life affairs, and her father served as her legal guardian. Id. Defendant and Witness 1 engaged in a sexual relationship, the extent of which is not fully

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 1

1  known.  Id. at ¶ 9.  While defendant was in custody following his arrest, he sent several letters to
2  Witness 1 urging her not to cooperate with the authorities and to deny that the two had engaged
3  in any form of sexual relationship.  Id. at ¶ 9.  Defendant was charged with and pleaded guilty to
4  one count of tampering with a witness in violation of 18 U.S.C. § 1512(b)(3).

5        Prior to his sentencing, the Probation Office determined that defendant's criminal history
6  category was V, noting his extensive criminal history, which includes convictions for (1) petty
7  theft (id. at ¶ 27), (2) breaking and entering with intent to commit a felony (id. at ¶ 28), (3)
8  carrying a deadly weapon (id. at ¶ 29), (4) first degree theft (id. at ¶ 30), (5) felony larceny (id.
9  at ¶ 31), (6) felon in possession of a firearm (id. at ¶ 32), (7) mail fraud (id.), (8) conspiracy to
10 commit mail fraud (id.), (9) assault and battery (id. at ¶ 33), (10) larceny of a bank note (id. at
11 ¶ 34), (11) mail fraud (id. at ¶ 35), (12) felon in possession of a firearm (id. at ¶ 36), (13)
12 unlawful production of identification (id.), (14) aggravated identity theft (id.), and (15)
13 counterfeiting and forging obligations or securities of the United States (id.).  On March 22,
14 2019, the Court sentenced defendant to a 61-month term of imprisonment (37 months for the
15 witness tampering charge to run consecutively with 24 months for the supervised release
16 violations), and 36 months of supervised release.  See Dkts. #50, 51.  Defendant is currently
17 scheduled for release from the custody of the Federal Bureau of Prisons ("BOP") on October 20,
18 2022.

19       On May 13, 2020, defendant filed the instant motion, seeking compassionate release
20 under 18 U.S.C. § 3582(c) based on the COVID-19 outbreak at FCI Yazoo City, and health
21 issues which he allege place him at higher risk for complications if he contracts the virus.  See
22 generally Dkt. #60.  The BOP currently reports that one inmate and seven BOP staff members
23 have active, confirmed positive COVID-19 cases at FCI Yazoo City Medium.  See COVID-19
24 Coronavirus, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited June 10,
25 2020).  A review of defendant's BOP medical records indicates that he suffers from
26 hypertension, gout, and hyperlipidemia.  See Dkt. #61 (Ex. A).

27
28

## II. DISCUSSION

The compassionate release statute provides narrow grounds for defendants in "extraordinary and compelling" circumstances to be released from prison early. See 18 U.S.C. § 3582(c). The First Step Act of 2018 amended the procedural requirements governing compassionate release. See id. Prior to the First Step Act's passage, only the Director of the BOP could bring motions for compassionate release. The Director rarely filed such motions. See, e.g., United States v. Brown, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019). Congress amended the statute to allow defendants to directly petition district courts for compassionate release. As amended, 18 U.S.C. § 3582(c)(1)(A) states in relevant part,

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
>> (1) in any case—
>>
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>>
>>>> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>>>>
>>>> (ii) . . .
>>>>
>>>> and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission[.]

As an initial matter, the Court must determine whether defendant has met the statutory exhaustion requirement for compassionate release. See 18 U.S.C. § 3582(c)(1)(A). Defendant bears the burden of establishing this requirement. See, e.g., United States v. Van Sickle, No.

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 3

CR18-0250JLR, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020) (collecting cases). Defendant asserts that he submitted a request for compassionate release to the warden of FCI Yazoo City on April 7, 2020, but he provides no evidence of this alleged submission. See Dkt. #60 at 2. According to defense counsel, the BOP "appears to be having difficulty noting these requests in inmates' records in a timely manner." Dkt. #65 at 1. The government indicates that the BOP "Reduction-in-Sentence Database has no record of receiving such a request, and as of [May 21, 2020], a separate check with staff at FCI Yazoo City Medium has yet to locate such a request." Dkt. #64 at 11.

Were defendant to establish that he submitted his request to the warden on April 7, 2020, he would satisfy the statutory exhaustion requirement because he filed his motion for compassionate release more than 30 days after that date. See 18 U.S.C. § 3582(c)(1)(A). However, defendant provides nothing more than a bare assertion that he submitted the request. Accordingly, the Court finds defendant has not met his burden to show that the exhaustion requirement has been satisfied. See Van Sickle, 2020 WL 2219496, at *3-4. In reaching this conclusion, the Court notes defendant's deceptive conduct in the underlying case, and his history of committing crimes of fraud, manipulation, and dishonesty. See generally PSR. Given his history, the Court declines to take defendant's word alone as proof that he has met the statutory exhaustion requirement. "Because defendant has not satisfied the exhaustion requirement, the court lacks authority to grant relief under § 3582(c)(1)(A)(i)." United States v. Eberhart, No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020).

### III. CONCLUSION

For all the foregoing reasons, defendant's Motion for Compassionate Release (Dkt. #60) is DENIED without prejudice to re-filing upon satisfaction of the exhaustion requirement set forth in 18 U.S.C. § 3582(c)(1)(A).[1]

//
//

---

[1] The government's unopposed "Motion to File a Brief in Excess of Twelve Pages" (Dkt. #63) is GRANTED.

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 4

1   DATED this 11th day of June, 2020.

                                          Robert S. Lasnik
                                          United States District Judge

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 5