UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAVID POSEY,<br><br>　　　　Defendant. | Case No. CR18-280RSL<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on defendant's renewed "Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)." Dkt. #69. The parties have each filed motions for leave to file overlength briefs (Dkts. #68, #70) which are GRANTED. The Court, having considered the motion, exhibits, and the record contained herein, finds as follows:

**I.　　BACKGROUND**

Defendant is a 55-year-old inmate currently detained at the Federal Correctional Institution ("FCI") Yazoo City Medium. On or around June 7, 2018, defendant violated his conditions of supervised released under cause number CR11-00387JLR by changing his address without notifying his probation officer and by leaving the District without permission. See PSR at ¶¶ 7-8. A warrant was issued for defendant's arrest for the supervised release violations. Id. at ¶ 10. He was arrested on June 20, 2018 at a motel in Portland, Oregon. Id. Defendant was accompanied on his trip to Portland by a 19-year-old autistic female ("Witness 1"), whom he had befriended at a local community college. Id. at ¶ 8. Witness 1 lacked the ability to make independent decisions about certain life affairs, and her father served as her legal guardian. Id.

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 1

Defendant and Witness 1 engaged in a sexual relationship, the extent of which is not fully known. Id. at ¶ 9. While defendant was in custody following his arrest, he sent several letters to Witness 1 urging her not to cooperate with the authorities and to deny that the two had engaged in any form of sexual relationship. Id. at ¶ 9. Defendant was charged with and pleaded guilty to one count of tampering with a witness in violation of 18 U.S.C. § 1512(b)(3).

Prior to his sentencing, the Probation Office determined that defendant's criminal history category was V, noting his extensive criminal history, which includes convictions for (1) petty theft (id. at ¶ 27), (2) breaking and entering with intent to commit a felony (id. at ¶ 28), (3) carrying a deadly weapon (id. at ¶ 29), (4) first degree theft (id. at ¶ 30), (5) felony larceny (id. at ¶ 31), (6) felon in possession of a firearm (id. at ¶ 32), (7) mail fraud (id.), (8) conspiracy to commit mail fraud (id.), (9) assault and battery (id. at ¶ 33), (10) larceny of a bank note (id. at ¶ 34), (11) mail fraud (id. at ¶ 35), (12) felon in possession of a firearm (id. at ¶ 36), (13) unlawful production of identification (id.), (14) aggravated identity theft (id.), and (15) counterfeiting and forging obligations or securities of the United States (id.). On March 22, 2019, the Court sentenced defendant to a 61-month term of imprisonment (37 months for the witness tampering charge to run consecutively with 24 months for the supervised release violations), and 36 months of supervised release. See Dkts. #50, 51. Defendant is currently scheduled for release from the custody of the Federal Bureau of Prisons ("BOP") on October 20, 2022.

Defendant filed a motion for compassionate release on May 13, 2020. See Dkt. #60. The Court denied defendant's motion on the ground that he failed to satisfy the statutory exhaustion requirement set forth in 18 U.S.C. § 3582(c)(1)(A). Dkt. #67. Defendant now renews his motion. Dkt. #69.

## II.   LEGAL FRAMEWORK

The compassionate release statute provides narrow grounds for defendants in "extraordinary and compelling" circumstances to be released from prison early. See 18 U.S.C. § 3582(c). The First Step Act of 2018 amended the procedural requirements governing compassionate release. See id. Prior to the First Step Act's passage, only the Director of the BOP could bring motions for compassionate release. The Director rarely filed such motions.

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 2

See, e.g., United States v. Brown, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019).  Congress amended the statute to allow defendants to directly petition district courts for compassionate release.  As amended, 18 U.S.C. § 3582(c)(1)(A) states in relevant part,

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
>> (1) in any case—
>>
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>>
>>>> (i) extraordinary and compelling reasons warrant such a reduction;  . . .
>>>>
>>>> (ii)  . . .
>>>
>>> and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission[.]

Prior to passing the First Step Act, Congress directed the Sentencing Commission to promulgate a policy statement defining "extraordinary and compelling reasons" in the compassionate release context.  See 28 U.S.C. § 994(t).  Section 994(t) provides,

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in [18 U.S.C. § 3582(c)(1)(A)], shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.  Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

The Sentencing Commission implemented this directive from Congress with a policy statement—U.S.S.G. § 1B1.13.  In relevant part, the policy statement provides,

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 3

**Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)**

Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that—

>  (1)(A) Extraordinary and compelling reasons warrant the reduction;
>  . . .
>  (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>  (3) The reduction is consistent with this policy statement.

**Commentary**

**Application Notes:**

> 1. **Extraordinary and Compelling Reasons.**—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
>> (A) **Medical Condition of the Defendant**—
>>
>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>
>> (ii) The defendant is—
>>
>>> (I) suffering from a serious physical or medical condition,
>>>
>>> (II) suffering from a serious functional or cognitive impairment, or
>>>
>>> (III) experiencing deteriorating physical or mental health because of the aging process,

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 4

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) **Age of the Defendant.**—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) **Family Circumstances.**—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

2. **Foreseeability of Extraordinary and Compelling Reasons.**—For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

3. **Rehabilitation of the Defendant.**—Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.

4. **Motion by the Director of the Bureau of Prisons.**—A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A). The Commission encourages the Director of the Bureau of Prisons to file such a motion if the defendant meets any of the circumstances set forth in Application

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 5

> Note 1.  The court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community.
>
> This policy statement shall not be construed to confer upon the defendant any right not otherwise recognized in law[.]

U.S.S.G. § 1B1.13.

The Sentencing Commission has not updated its policy statement to reflect the amendments of the First Step Act. See, e.g., Brown, 411 F. Supp. 3d at 449 n.1 ("As district courts have noted often this year, the Sentencing Commission has not amended the Guidelines following the First Step Act and cannot do so until it again has four voting commissioners." (citations omitted)).  However, the First Step Act renders some provisions of the Commission's outdated policy statement obsolete, including that compassionate release "may be granted only upon motion by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 cmt. n.4; see also United States v. Haynes, No. 93-CR-1043 (RJD), 2020 WL 1941478, at *11 (E.D.N.Y. Apr. 22, 2020) ("The heart of the matter . . . is that many of these policy statements . . . not only pre-date the [First Step Act] amendment of § 3582(c) but also continue to reference expressly BOP's *pre-FSA* role as exclusive gatekeeper, which of course the [First Step Act] eliminated.").  From this discrepancy emerges a split among district courts as to whether the Court, rather than the BOP Director, can determine pursuant to U.S.S.G. § 1B1.13 cmt. n.1(D) that "there exists in defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." See United States v. Cantu, 423 F. Supp. 3d 345, 350 (S.D. Tex. 2019) (quoting U.S.S.G. § 1B1.13 cmt. n.1(D)).

The government argues that the policy statement set forth in U.S.S.G. § 1B1.13 binds the Court's interpretation of "extraordinary and compelling" reasons.  See Dkt. #71 at 6.  This Court has rejected that position.  See United States v. Van Cleave, Nos. CR03-247-RSL, CR04-125-RSL, 2020 WL 2800769, at *3-5 (W.D. Wash. May 29, 2020).  For the reasons set forth in detail in Van Cleave, "the Court finds the guidance of U.S.S.G. § 1B1.13 persuasive, but not

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 6

binding." Id. The Court will exercise its discretion to consider "extraordinary and compelling" circumstances that may exist beyond those explicitly identified by the Sentencing Commission in its outdated policy statement. Id.

### III. DEFENDANT'S CIRCUMSTANCES

As an initial matter, the Court must determine whether defendant has met the statutory exhaustion requirement for compassionate release. See 18 U.S.C. § 3582(c)(1)(A). The parties agree that defendant has now satisfied this requirement, because his counsel submitted a compassionate release request to the Warden of FCI Yazoo City Medium on June 15, 2020. See Dkt. #69-1 (Ex. A). Because defendant has now exhausted his administrative remedies, the Court will consider the merits of his motion for compassionate release.

Defendant's motion for compassionate release is based primarily on his heightened risk of developing serious complications if he contracts COVID-19 while incarcerated at FCI Yazoo City Medium. The Court need not reiterate the widely-known information regarding the symptoms of COVID-19 and the devastating global impact of the virus. COVID-19 has created unprecedented challenges for federal prisons, where inmate populations are large and close contact between inmates is unavoidable. As of August 11, 2020, the BOP reports that 1,293 federal inmates and 586 BOP staff have active, confirmed positive COVID-19 test results. See COVID-19 Coronavirus, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited August 11, 2020). Since the BOP reported its first case in late March 2020, at least 111 federal inmates and one BOP staff member have died from the virus. Id. FCI Yazoo City Medium currently reports one inmate and six staff members with active cases of the virus. Id. Seven inmates and ten staff members are classified by BOP as "recovered." Id.

A review of defendant's BOP medical records confirms that he suffers from hypertension, hyperlipidemia, and gout. See Dkt. #61 (Ex. A). Defendant has presented evidence indicating that individuals with hypertension might be at an increased risk for severe illness from COVID-19. See People with Certain Medical Conditions, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Aug. 11, 2020). However, defendant's medical records do

not suggest that his hypertension is inadequately controlled, and it is unclear whether hypertension that is being successfully managed with medication can increase an individual's risk for developing serious COVID-19 complications.  Moreover, defendant concedes that there is a lack of data regarding the impact of hyperlipidemia or gout on COVID-19 patient outcomes.  Dkt. #69 at 17.

The Court is sympathetic to and does not intend to minimize defendant's health concerns.  However, even assuming defendant's underlying health conditions constitute "extraordinary and compelling" circumstances, the Court's analysis does not end here.  Before the Court can grant defendant's request for compassionate release, it must also find that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  U.S.S.G. § 1B1.13.  Under 18 U.S.C. § 3142(g), the Court considers the nature and circumstances of the charged offense, the defendant's history and characteristics, his physical and mental condition, his family and community ties, his past conduct, his history relating to drug or alcohol abuse, and his criminal history.  A review of these factors precludes a finding that defendant is not a danger to the safety of others or the community.

In support of his motion, defendant asserts that his lack of recent prison disciplinary history, Dkt. #60-1 (Ex. A), his engagement in educational classes while in prison, Dkt. #60-2 (Ex. B), and his newfound commitment to living lawfully (Dkt. #66), alleviate any potential dangerousness to society.  See Dkts. #60-1 (Ex. A); #60-2 (Ex. B).  While the Court commends defendant on his progress and good behavior while in prison, his credibility is undermined by his lengthy and troubling criminal history, which is riddled with fraudulent and deceptive conduct, as well as illegal firearm possession.  See PSR at ¶¶ 7-10, 27-36.  Perhaps most importantly, defendant has repeatedly absconded from supervised release in the past, including while committing the offense that led to his current term of imprisonment.  Id. at ¶¶ 7-8, 29, 31-32, 35-36.  The Court remains concerned that if released, defendant will again fall into these dangerous behavioral patterns.  On these facts, defendant's history, including his past behavior while on supervision, outweighs defendant's good behavior during his current term of imprisonment.  For these reasons, the Court cannot conclude that defendant does not pose a

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 8

continued danger to any other person or to the community.[1]  U.S.S.G. § 1B1.13.  Defendant's motion for compassionate release must therefore be DENIED.

### IV.     CONCLUSION

For all the foregoing reasons, defendant's motion for compassionate release (Dkt. #69) is DENIED.[2]

DATED this 11th day of August, 2020.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] Because the Court has determined that defendant poses a danger to the community, it need not further address the factors set forth in 18 U.S.C. § 3553(a).  That said, the Court agrees with the government's analysis of the § 3553(a) factors, see Dkt. #71 at 11-14, and concludes that defendant's circumstances do not warrant a reduction in sentence.

[2] The parties' motions to file overlength briefs (Dkts. #68, #70) are GRANTED.

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 9