UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>   v.<br><br>DAVID POSEY,<br><br>    Defendant. | Case No. CR18-280RSL<br><br>ORDER DENYING DEFENDANT'S THIRD MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on defendant's renewed "Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582([c])(1)." Dkt. # 77. Having considered the motion and the record contained herein, the Court finds as follows:

### I. PROCEDURAL MOTIONS

As an initial matter, the Court finds compelling reasons justify sealing defendant's medical records (Dkt. # 82). The government's motion to seal (Dkt. # 81) is accordingly GRANTED. The defendant's motion to file an overlength brief (Dkt. # 76) is also GRANTED.

### II. BACKGROUND

Defendant is a 55-year-old inmate currently detained at the Federal Correctional Institution ("FCI") Yazoo City Medium. On or around June 7, 2018, defendant violated his conditions of supervised released under cause number CR11-00387JLR by changing his address without notifying his probation officer and by leaving the District without permission. PSR ¶¶ 7-8. A warrant was issued for defendant's arrest for the supervised release violations. Id. ¶ 10. He was arrested on June 20, 2018 at a motel in Portland, Oregon. Id. Defendant was accompanied

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 1

on his trip to Portland by a 19-year-old autistic female ("Witness 1"), whom he had befriended at a local community college. Id. ¶ 8. Witness 1 lacked the ability to make independent decisions about certain life affairs, and her father served as her legal guardian. Id. Defendant and Witness 1 engaged in a sexual relationship, the extent of which is not fully known. Id. ¶ 9. While defendant was in custody following his arrest, he sent several letters to Witness 1 urging her not to cooperate with the authorities and to deny that the two had engaged in any form of sexual relationship. Id. ¶ 10. Defendant was charged with and pleaded guilty to one count of tampering with a witness in violation of 18 U.S.C. § 1512(b)(3).

      Prior to his sentencing, the Probation Office determined that defendant's criminal history category was V, noting his extensive criminal history, which includes convictions for (1) petty theft (id. ¶ 27), (2) breaking and entering with intent to commit a felony (id. ¶ 28), (3) carrying a deadly weapon (id. ¶ 29), (4) first degree theft (id. ¶ 30), (5) felony larceny (id. ¶ 31), (6) felon in possession of a firearm (id. ¶ 32), (7) mail fraud (id.), (8) conspiracy to commit mail fraud (id.), (9) assault and battery (id. ¶ 33), (10) larceny of a bank note (id. ¶ 34), (11) mail fraud (id. ¶ 35), (12) felon in possession of a firearm (id. ¶ 36), (13) unlawful production of identification (id.), (14) aggravated identity theft (id.), and (15) counterfeiting and forging obligations or securities of the United States (id.). On March 22, 2019, the Court sentenced defendant to a 61-month term of imprisonment (37 months for the witness tampering charge to run consecutively with 24 months for the supervised release violations), and 36 months of supervised release. See Dkts. # 50, # 51. Defendant is currently scheduled for release from the custody of the Federal Bureau of Prisons ("BOP") on October 20, 2022. Dkt. # 80 at 4.

      Defendant filed his first motion for compassionate release on May 13, 2020. Dkt. # 60. The Court denied defendant's motion on the ground that he failed to satisfy the statutory exhaustion requirement set forth in 18 U.S.C. § 3582(c)(1)(A). Dkt. # 67. Defendant filed a second motion for compassionate release on July 23, 2020. Dkt. # 69. The Court denied defendant's second motion on the ground that the Court could not conclude that defendant did not pose a continued danger to any other person or to the community. Dkt. # 72. The Court also agreed with the government's analysis of the § 3553(a) factors. Id. Defendant filed the instant

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 2

"renewed motion" for compassionate release—his third motion—on January 14, 2021. Dkt. # 77.

### III. LEGAL FRAMEWORK

The compassionate release statute provides narrow grounds for defendants in "extraordinary and compelling" circumstances to be released from prison early. See 18 U.S.C. § 3582(c). The First Step Act of 2018 amended the procedural requirements governing compassionate release. See id. Prior to the First Step Act's passage, only the Director of the BOP could bring motions for compassionate release. The Director rarely filed such motions. See, e.g., United States v. Brown, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019). Congress amended the statute to allow defendants to directly petition district courts for compassionate release. As amended, 18 U.S.C. § 3582(c)(1)(A) states in relevant part,

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> > (1) in any case—
> >
> > > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> > >
> > > > (i) extraordinary and compelling reasons warrant such a reduction; . . .
> > > >
> > > > (ii) . . .
> > >
> > > and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission[.]

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 3

Prior to passing the First Step Act, Congress directed the Sentencing Commission to promulgate a policy statement defining "extraordinary and compelling reasons" in the compassionate release context. See 28 U.S.C. § 994(t). Section 994(t) provides,

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in [18 U.S.C. § 3582(c)(1)(A)], shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

The Sentencing Commission implemented this directive from Congress with a policy statement—U.S.S.G. § 1B1.13. In relevant part, the policy statement provides,

> **Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)**
>
> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that—
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction; . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.
>
> **Commentary**
>
> **Application Notes:**
>
> 1. **Extraordinary and Compelling Reasons.**—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
>    (A) **Medical Condition of the Defendant**—
>
>    (i)  The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 4

      (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

  (ii) The defendant is—

    (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of the aging process,

  that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) **Age of the Defendant.**—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) **Family Circumstances.**—

 (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

 (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

2. **Foreseeability of Extraordinary and Compelling Reasons.**—For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 5

> imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.
>
> 3. **Rehabilitation of the Defendant.**—Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.
>
> 4. **Motion by the Director of the Bureau of Prisons.**—A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A). The Commission encourages the Director of the Bureau of Prisons to file such a motion if the defendant meets any of the circumstances set forth in Application Note 1. The court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community.
>
> This policy statement shall not be construed to confer upon the defendant any right not otherwise recognized in law[.]

U.S.S.G. § 1B1.13.[1]

### IV.   DEFENDANT'S CIRCUMSTANCES

As an initial matter, the Court must determine whether defendant has met the statutory exhaustion requirement for compassionate release. See 18 U.S.C. § 3582(c)(1)(A). The government contends that defendant has not satisfied this requirement because he has not submitted a new request to the warden addressing his current basis for relief. Dkt. # 80 at 6–7.

---

[1] For the reasons set forth in detail in United States v. Van Cleave, Nos. CR03-247-RSL, CR04-125-RSL, 2020 WL 2800769, at *3-5 (W.D. Wash. May 29, 2020), "the Court finds the guidance of U.S.S.G. § 1B1.13 persuasive, but not binding." Id. The Court will exercise its discretion to consider "extraordinary and compelling" circumstances that may exist beyond those explicitly identified by the Sentencing Commission in its outdated policy statement. Id.

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 6

1 | Defendant argues that "[r]equiring a new request would run counter to the statues [sic] intention
2 | of providing new avenues for relief after reviewing the Bureau of Prisons historical reluctance to
3 | grant such requests," but defendant offers no citations to support this reading. Dkt. # 83 at 4.

4 |     The Court finds the reasoning set forth in the following case persuasive on the question
5 | of the need to exhaust successive compassionate release motions: United States v. Iwai, No. 15-
6 | CR-00723-DKW, 2020 WL 6470167 (D. Haw. Nov. 3, 2020). In Iwai, the District Court for the
7 | District of Hawaii concluded that "[e]xhausting administrative remedies on one occasion does
8 | not forever obviate the need to do so." Id. at *3. Iwai brought his second compassionate release
9 | motion, "at least in part, because conditions ha[d] changed at his facility—that is, there [were]
10 | more inmates and staff . . . testing positive for COVID-19." Id. As the Iwai court explained: "[I]f
11 | conditions had not changed, there would be no point to seeking compassionate release a second
12 | time. But precisely because conditions ha[d] changed, the BOP should first be provided an
13 | opportunity to evaluate Iwai's medical conditions in light of these developments *before* the
14 | Court does so." Id. (emphasis in original). Here, defendant similarly is contending that since
15 | filing his previous motion, he contracted the COVID-19 virus, and that this circumstance,
16 | coupled with the updated COVID-19 situation at FCI Yazoo City Medium, supports his
17 | compassionate release. Defendant has not submitted a new request to the warden addressing this
18 | new basis for relief, however, and the Court therefore concludes that defendant has not met the
19 | statutory exhaustion requirement accordingly. See id.; United States v. Cain, No. 1:16-CR-
20 | 00103-JAW-1, 2021 WL 388436, at *4–5 (D. Me. Feb. 3, 2021) (holding that defendant's "one-
21 | time compliance with the exhaustion requirement . . . does not carry forward in perpetuity to all
22 | his subsequent compassionate release motions"); United States v. Mills, No. 2:17-CR-00124-1,
23 | 2021 WL 372811, at *2 (S.D.W. Va. Feb. 3, 2021) (holding that an inmate must re-exhaust
24 | administrative remedies before the Court will consider a renewed motion for compassionate
25 | release based on "new or additional" allegations).
26 |     Even if defendant had satisfied the exhaustion requirement, however, the Court's
27 | evaluation of the merits of defendant's motion weigh in favor of denial of relief because, as the
28 | Court concluded in its order denying defendant's second motion for compassionate release, a

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 7

review of the § 3142(g) factors "precludes a finding that defendant is not a danger to the safety of others or the community." Dkt. # 72 at 8–9 (analyzing U.S.S.G. § 1B1.13). Defendant argues that he may be subjected to numerous conditions upon release, e.g., "extensive time in a halfway house and position monitoring," that can ensure he does not re-offend, Dkt. # 83 at 4, but the Court agrees with the government that such conditions do not prevent defendant from committing the type of fraud-based criminal activity defendant previously engaged in. Dkt. # 80 at 11. Based on defendant's past conduct, the Court remains concerned that if released, he will present a danger to the community. U.S.S.G. § 1B1.13.[2] Defendant's practice of absconding from supervised release in the past, and his lengthy criminal history "riddled with fraudulent and deceptive conduct, as well as illegal firearm possession," outweigh defendant's prosocial behavior during his current term of imprisonment. Dkt. # 72 at 8 (citing PSR ¶¶ 7–10, 27–36). Defendant's motion for compassionate release must therefore be DENIED.

### V. CONCLUSION

For all the foregoing reasons, defendant's motion for compassionate release (Dkt. #77) is DENIED. The government's motion to seal (Dkt. # 81) is GRANTED, and defendant's motion to file an overlength brief (Dkt. # 76) is GRANTED.

DATED this 29th day of March, 2021.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

---

[2] Because the Court has determined that defendant poses a danger to the community, it need not further address the factors set forth in 18 U.S.C. § 3553(a). That said, the Court agrees with the government's analysis of the § 3553(a) factors, see Dkt. # 80 at 10–12, and the Court concludes that defendant's circumstances do not warrant a reduction in sentence.

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 8